IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONA GEORGE, as Executrix of the Estate of Peter George, Deceased, and LEONA GEORGE, in her own right,<br><br>Plaintiffs,<br><br>v.<br><br>A.W. CHESTERTON CO., *et al*.,<br><br>Defendants. | Civil Action No. 16-115<br><br>Judge Cathy Bissoon |

## ORDER

Defendant Lockheed Martin Corporation's ("Lockheed's") Motion (Doc. 4) to Dismiss for lack of personal jurisdiction will be granted, and this case will be remanded to state court.

Peter George ("George") died of mesothelioma on July 20, 2014. Compl. (ECF No. 1-1) ¶ 18. The executrix of his estate, Plaintiff Leona George ("Plaintiff"), alleges that George's death was the result of his exposure to asbestos dust and fibers contained in products manufactured by one or more of the Defendants. Id. ¶ 19. Plaintiff avers that George "was in the Navy from 1955-1957, and the Reserves from 1957-1961" and later worked "for the Carpenters Union from 1959-mid 1970s, Superior Steel from the mid-1970s-1979, and was self-employed from mid-1970s-2000s." Id. ¶ 15. George allegedly encountered asbestos products during an unspecified portion of his work history. Id. ¶ 16.

Once a defendant files a motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, "the plaintiff must 'prov[e] by affidavits or other competent evidence that jurisdiction is proper.'" Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009) (quoting Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996)).

Only "a *prima facie* case of personal jurisdiction" is required, however, and the plaintiff is entitled to have his or her allegations taken as true, with all factual disputes drawn in the plaintiff's favor. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004). Nevertheless, the complaint must contain "specific facts," rather than vague or conclusory assertions. Marten v. Godwin, 499 F.3d 290, 298 (3d Cir. 2007).

The lone issue presented in Lockheed's Motion is whether it consented to personal jurisdiction in Pennsylvania by registering to do business in the state as a foreign corporation. Pennsylvania filing-records indicate that Lockheed has been registered to do business in Pennsylvania from 1996 through the present. See Certified Index & Docket Report (ECF No. 32-1). The parties agree that no other basis for personal jurisdiction exists. Pl. Opp. Br. (ECF No. 30) at 2 n.1.

As noted by the parties, the Court of Appeals for the Third Circuit squarely addressed the issue of consent by registration in Bane v. Netlink, Inc., 925 F.2d 637 (1991). The Bane Court observed that, under Pennsylvania law, "the qualification of a foreign corporation to do business is sufficient contact to serve as the basis for the assertion of personal jurisdiction." Id. at 640. The court noted that the relevant statute, 42 Pa. Cons. Stat. § 5301, explicitly provided that "qualification as a foreign corporation under the laws of this Commonwealth" is the type of relationship that "shall constitute a sufficient basis of jurisdiction to enable the tribunals of this Commonwealth to exercise general personal jurisdiction." Id. The Court concluded that registration as a foreign corporation "carrie[d] with it consent to be sued in Pennsylvania courts" and obviated the need for any further general or specific jurisdiction analysis. Id. Plaintiff seeks the same result here.

Defendant responds that Bane has been vitiated by the United States Supreme Court's decision in Daimler AG v. Bauman, -- U.S. --,134 S. Ct. 746 (2014). In Daimler, the Supreme Court clarified that the standard for asserting general personal jurisdiction over a non-resident defendant "is not whether a foreign corporation's in-forum contacts can be said to be in some sense continuous and systematic," but "whether the corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." Id. at 761. The Court emphasized the limited nature of general jurisdiction and concluded that "the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business" would be "unacceptably grasping." Id. (internal quotations omitted). Defendant contends that the Daimler decision implicitly undermines the viability of consent-by-registration because, "[b]y holding that even 'continuous and systematic contacts' alone do not justify general jurisdiction, the Supreme Court rejected the notion that a company could be haled into court merely for 'doing business' in a state – let alone for merely 'qualifying' to do business." Def.'s Br. in Supp. (ECF No. 5) at 7 (quoting Daimler, 134 S. Ct. at 761-62).

District courts within this circuit have disagreed regarding the continuing viability of Bane in the wake of Daimler. In Accorda Therapeutics, Inc. v. Mylan Pharm., Inc., 78 F. Supp.3d 572 (D. Del. 2015), the district court held that Daimler was inapposite:

> Daimler does not eliminate consent as a basis for a state to establish general jurisdiction over a corporation which has . . . register[ed] to do business in that state. [The defendant] concedes, as it must, that Daimler does not expressly address consent. Indeed, in the entire opinion in Daimler, there is but a single, passing reference to the concept of consent: "[The Court's] 1952 decision in Perkins v. Benguet Consol. Mining Co.[, 342 U.S. 437 (1952),] remains the textbook case of general jurisdiction appropriately exercised over a foreign corporation that has not consented to suit in the forum." 134 S. Ct. at 755–56 (emphasis [in original]). In this way, Daimler distinguishes between consensual and non-consensual bases for jurisdiction. It preserves what has long been the case: that these are two distinct manners of obtaining

3

> jurisdiction over a corporation. Consistent with Daimler, it remains the law that general jurisdiction may be established by showing that a corporation is "at home" in the sense described in detail in Daimler, or[,] separately[,] general jurisdiction may be established by a corporation's consent to such jurisdiction. Daimler is directed to the former situation and has nothing to say about the latter [].

Id. at 588-89 (internal quotations omitted).

In AstraZeneca AB v. Mylan Pharm., Inc., 72 F. Supp.3d 549 (D. Del. 2014), the district court reached the opposite conclusion:

> The court finds . . . that Daimler does weigh on this issue. Both consent and minimum contacts (and all questions regarding personal jurisdiction) are rooted in due process. Just as minimum contacts must be present so as not to offend "traditional notions of fair play and substantial justice," the defendant's alleged "consent" to jurisdiction must do the same. The Supreme Court's discussion of due process in Daimler, therefore, informs the court's analysis here. In holding that "continuous and systematic contacts" alone are insufficient to establish general jurisdiction, the Supreme Court rejected the idea that a company could be haled into court merely for "doing business" in a state. Such a theory, the Court held, "would scarcely permit out-of-state defendants 'to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit.'"

Id. at 556 (internal citations omitted) (quoting Daimler, 134 S. Ct. at 761-62).

This Court need not resolve the split-in-authority, however, because, "[w]hen consent-based jurisdiction is grounded upon a certificate of authority, there is an apparent temporal limit." In re Enterprise Rent-A-Car Wage & Hour Emp't Practices Litig., 735 F. Supp.2d 277, 310 (W.D. Pa. 2010). In In re Enterprise, for example, the court noted that the Pennsylvania registration statute explicitly provides that "general jurisdiction only exists over acts or transactions <u>occurring during the period of authorization</u>." Id. (citing 42 Pa. Cons. Stat. § 5301(b)(ii)) (emphasis added). The court concluded, therefore, that consent by registration was

only viable where the events underlying the lawsuit took place during the period of registration. Id.

Likewise, the Court of Appeals for the Third Circuit in Bane recognized the temporal limits of consent-by-registration, if not expressly, by implication, observing that the defendant "applied to do business in Pennsylvania and received authorization to do so from 1984 through 1988," during which time "[the plaintiff's] cause of action arose." Bane, 925 F.2d at 640; id. at 640-41 (finding personal jurisdiction over defendant-employer, because the plaintiff's "discharge, which form[ed] the basis of [his] suit, occurred while [the defendant] was qualified to do business in Pennsylvania"). Other court rulings are consistent. See, e.g., Atlantic Pier Associates, LLC v. Boardakan Rest. Partners, L.P., 2010 WL 3069607, at *1-2 (E.D. Pa. Aug. 2, 2010) (it was "undisputed that [the opponent of personal jurisdiction] was qualified to do business as a foreign corporation . . . from January 1993 until May 22, 2006," and, pursuant to § 5301(b), the court could "exercise jurisdiction over [it] for 'any act, transaction or omission' that occurred during that thirteen-year interval") (internal citation omitted); Perry v. Markman Capital Mgmt., Inc., 2002 WL 31248038, at *4 n.7 (E. D. Pa. Oct. 4, 2002) (jurisdiction-by-consent "is determined by a corporation's status at the time the relevant event(s) occurred").

In the instant case, Lockheed first registered to do business in Pennsylvania in 1996. George's military service, during which time he allegedly was exposed to asbestos in Lockheed's products, extended from 1955 to 1961. Compl. ¶¶ 15-16; Notice of Removal (ECF No. 1) ¶ 2. Assuming, without deciding, that consent-by-registration remains viable post-Daimler, Lockheed's registration to do business in Pennsylvania occurred decades after the alleged injury, and it provides no basis for exercising jurisdiction. *See* cases cited, *supra*. Accordingly, Lockheed's Motion to Dismiss (**Doc. 4**) is **GRANTED**.

Having dismissed the claims against the only Defendant to have implicated the federal-officer removal statute,[1] the Court must exercise its discretion in determining whether to retain ancillary/supplemental jurisdiction over the remaining (state-law) claims. Dougherty v. A.O. Smith Corp., 2014 WL 4447293, *1 (D. Del. Sept. 8, 2014) (holding same, within context of asbestos litigation); Kline v. Alfa Laval, Inc., 2009 WL 8520131, *1 n.1 (E.D. Pa. Apr. 2, 2009) (same). Given the current procedural posture, it hardly can be said that extraordinary circumstances exist warranting the Court's retention of jurisdiction. Dougherty at *1 ("[w]here the federal head of jurisdiction has vanished from the case, and there has been no substantial commitment of judicial resources to the nonfederal claims, it is . . . akin to making the tail wag the dog for the [d]istrict [c]ourt to retain jurisdiction") (citation to quoted source omitted); N.J. D.E.P. v. Gloucester Envtl. Mgmt. Servs., Inc., 719 F. Supp. 325, 334-35, 337 (D. N.J. 1989) (once claim against federal officer is dismissed, "extraordinary circumstances" are required to justify continued exercise of jurisdiction) (citation to quoted sources omitted); see also Kline at *1 n.1(putative opposition to order of remand was inconsequential because decision was discretionary and reserved for court).

Accordingly, this case hereby is **REMANDED FORTHWITH** to the Court of Common Pleas of Allegheny County, Pennsylvania. The Clerk of Court shall mail a certified copy of this Order to the clerk of the State court, referencing the state court case number, G.D. No. 16-000238.

---

[1] 28 U.S.C. §1442(a); see also Notice of Removal (filed by Lockheed, and identifying itself as eligible for federal-officer removal, under defense of derivative sovereign immunity).

IT IS SO ORDERED.

September 16, 2016                               s/ Cathy Bissoon
                                                 Cathy Bissoon
                                                 United States District Judge

cc (via ECF email notification):

All counsel of record